IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL GRUBB, | : | |
| Plaintiff, | : | 1:18-cv-0378 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| SCI DALLAS, PA DEPARTMENT OF CORRECTIONS, | : | |
| Defendants. | : | |

# MEMORANDUM

**March 8, 2018**

Daniel Grubb ("Plaintiff"), at all relevant times, an inmate incarcerated at the State Correctional Institution at Dallas ("SCI-Dallas"), Pennsylvania, filed this civil rights action on February 14, 2018, pursuant to 42 U.S.C. § 1983 alleging, the denial of adequate medical care. (Doc. 1). Named as Defendants are SCI-Dallas and the Pennsylvania Department of Corrections.

Plaintiff seeks to proceed *in forma pauperis*. (Doc. 2). A federal court must dismiss a civil action filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). For the reasons set forth below, the Court concludes that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## I. STANDARDS OF REVIEW

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying FED.R.CIV.P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *See Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [*Bell Atl. Corp. v.*] *Twombly*, 550 U.S. 544 (2007) and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787–88 (3d Cir.2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). At the second step, the Court identifies those allegations that, being merely conclusory, are not entitled to the presumption of truth. *Twombly* and *Iqbal* distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." *Iqbal*, 556 U.S. at 681. Deciding whether a claim is

3

plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that, since his transfer from the State Correctional Institution at Mahanoy to SCI-Dallas, he has "contracted a skin problem that caused [him] a[n] outrageous outbreak to [his] entire body." (Doc. 1, pp. 2, 3). He indicates that he requested treatment and that he has been subjected to three biopsies. After the passage of five months, the outbreak has increased in severity and he has not been given "proper treatment." (Doc. 1, pp. 2, 3).

He is seeking monetary damages. (*Id.* at 3).

## III. DISCUSSION

It is well-settled that neither a state nor its agencies, are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. *Hafer v. Melo*, 502 U.S. 21, 25-27 (1991). Similarly, neither a prison nor a department within a prison is a person subject to suit under § 1983. *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973). The Pennsylvania Department of Corrections and SCI-Dallas are not persons within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that a state may not be sued in federal court pursuant to § 1983, and is not a

"person" for purposes of that provision). Consequently, Grubb's complaint will be dismissed.

IV. **LEAVE TO AMEND**

"The obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher–Harlee Corp. v. Pote Concrete Contractors., Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile "if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir.1988); *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (stating that "[i]n assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).").

Plaintiff will be afforded the opportunity to amend to cure the defects of his complaint, to wit, name the proper defendants.

## V. **CONCLUSION**

Based on the foregoing, Plaintiff's complaint (Doc. 1) will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate Order will issue.